# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CRUZ HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:19CV2009 JMB |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Respondents. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on Cruz Howell's petition for writ of habeas corpus under 28 U.S.C. § 2241. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)"). For the reasons discussed below, the Court shall summarily dismiss the petition here.

## Background

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis County Justice Center. According to a review of Missouri Case.net, Missouri's online case management system, petitioner has been charged with two counts of domestic assault in the second degree. *State of Missouri v. Howell*, No. 18SL-CR05526-01 (21st Judicial Cir., St. Louis County). Petitioner's state court case is currently scheduled for trial on September 9, 2019.

On June 6, 2019, petitioner initiated this case by filing a document with the "United States District and Bankruptcy Courts" for the District of Columbia entitled "Motion for Writ of

Habeas Corpus," which requests relief under 28 U.S.C. § 2241.[1] ECF No. 1. This document is handwritten and not on a Court-provided form. In the motion, petitioner states that he has a right to a speedy trial pursuant to the Sixth Amendment, and that if the state cannot provide him a trial "per [the] 180 day rule, all charges against the accused must be dismissed with prejudice." *Id.* at 1. He further claims that the state is attempting to violate his right to a speedy trial by setting a trial beyond the 180-day time limit.[2] As the state cannot provide him with a speedy trial, he asserts that his case must be dismissed.

A review of the Court's docketing system reveals that petitioner filed three other § 2241 cases in this Court, making the same allegations and seeking the same relief. *See Howell v. Childrey*, 4:19-CV-90-JMB ("Motion for Writ of Habeas Corpus" filed January 18, 2019, seeking relief under § 2241 for alleged violations of Sixth Amendment right to a speedy trial) (dismissed Feb. 11, 2019); *Howell v. Childrey*, 4:19-CV-174-JMB ("Motion for Writ of Habeas Corpus" filed February 4, 2019, seeking relief under § 2241 for alleged violations of Sixth Amendment right to a speedy trial) (dismissed Mar. 14, 2019); and *Howell v. Childrey*, 4:19-CV-936-HEA (same) (dismissed Jul. 9, 2019). All three of the previously filed § 2241 petitions were dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, after the Court analyzed the allegations of the petitions and found that the petitioner was not entitled to relief. *See Howell v. Childrey*, 4:19-CV-90-JMB, ECF Nos. 5 & 6; *Howell v. Childrey*, 4:19-CV-174-JMB, ECF Nos.

---

[1] On that same date, petitioner filed in the "United States District and Bankruptcy Courts" for the District of Columbia a separate but identical "Motion for Writ of Habeas Corpus." Upon transfer to this Court, this document was assigned Case No. 4:19-CV-2008-JMB. A separate memorandum and order and order of dismissal will be entered in that case on this date.

[2] Petitioner also states that his claim is premised on the Federal Speedy Trial Act, 18 U.S.C. § 3161. By its terms, § 3161 applies to federal criminal cases, and is inapplicable to petitioner's state law charges.

8 & 9; *Howell v. Childrey*, 4:19-CV-936-HEA, ECF Nos. 10 and 11. As of the date of this order, none of the dismissals has been appealed by petitioner.

## Discussion

Just as in the prior cases, here the Court finds that the petition is subject to dismissal on two grounds. First, the petition here is duplicative of other petitions filed in this same court that have already been decided on the merits. Second, the petition is a second or successive habeas petition that has not been certified by the Court of Appeals. *See also Sweeny v. U.S. Parole Comm'n*, 197 F. Supp. 3d 78, 80-82 (D.D.C. 2016) (dismissing § 2241 petition as both duplicative and a second or successive petition).

The Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). However, the Court has identified a general policy that duplicative litigation in federal courts should be avoided. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts … though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The petitions filed by petitioner in his three prior § 2241 cases are identical to the petition filed in this case in all relevant matters. All three petitions contain the same title, seek the same relief under the same statute, and (absent a few immaterial missing words or spelling differences) contain identical wording in the five-paragraph argument. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). The Eighth Circuit has held that dismissal of duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001). The petition in this case is clearly

duplicative of the petitions dismissed on the merits in petitioner's three prior § 2241 cases in this Court, and is therefore subject to dismissal.

In addition, under 28 U.S.C. § 2244(a), district courts are not required to consider an application for writ of habeas corpus where it appears that the legality of petitioner's detention has already been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. Section 2244(a)'s prohibition on the filing of second or successive petitions applies to habeas petitions filed under § 2241 if the issues therein were, or could have been, decided in a previous federal habeas action. *See, e.g., Shabazz v. Keating*, 242 F.3d 390, 392 (10th Cir. 2000) (unpublished) (stating that § 2244(a) means that "we are not required to entertain a § 2241 petition if the legality of the detention has been determined by a prior application"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (same); *see also Phelps v. U.S. Federal Government*, 15 F.3d 735, 737-38 (8th Cir. 1994) (affirming district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition). The exception to the second or successive petition prohibition is when an applicant has received authorization for his second petition from the court of appeals. *See also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)) ("a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'"). Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring this second or successive habeas petition in this Court. 28 U.S.C. § 2244(b)(3)(A). Because there is no indication that petitioner has obtained permission from the Court of Appeals to maintain the instant application in this Court, the Court lacks authority to grant petitioner the relief he seeks.

For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.  [ECF No. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24 July 2019.

                                                    HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE